**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: December 26 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Michael D. Smith, | ) | Case No.: 12-34213 |
| | ) | |
| Debtor(s). | ) | Chapter 7 |
| | ) | |
| Ronald Heintschel and Karen Heintschel, | ) | Adv. Pro. No. 12-3210 |
| | ) | |
| Plaintiff(s), | ) | Hon. Mary Ann Whipple |
| v. | ) | |
| | ) | |
| Michael D. Smith, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| | ) | |

### ORDER TO PAY COMPLAINT FILING FEE

Plaintiffs filed a document with the Clerk on December 20, 2012, at 11:39 a.m. [Doc. #1]. They are representing themselves.

The first sentence of the document that Plaintiffs filed states that "[w]e are writing this letter to challenge Michael D. Smith's discharge of his indebtedness to us." Under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure, "a proceeding to determine dischargeability of a debt" is an adversary proceeding governed by Part VII of the Federal Rules of Bankruptcy Procedure. In turn Rule 7003, titled

Commencement of Adversary Proceeding, " incorporates Rule 3 of the Federal Rules of Civil Procedure, which states that "A civil action is commenced by filing a complaint with the court." And finally, Rule 4007(a) of the Federal Rules of Bankruptcy Procedure provides that "[a] debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt." Fed. R. Bankr. P. 4007(a). Based on these rules, the Clerk properly treated Plaintiffs' document as a complaint and opened an adversary proceeding. The Clerk has thus also issued to Plaintiffs a summons with which to serve their complaint on Defendant, who is the Debtor in the underlying Chapter 7 case. [Doc. # 2].

The filing of an adversary proceeding complaint requires the payment of a filing fee. Bankruptcy fees are governed by federal statute. 28 U.S.C. § 1930. In addition to fees for filing bankruptcy cases, the statute provides that "[t]he Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b)." 28 U.S.C. § 1930(b). The Judicial Conference Schedule Of Additional Fees for Bankruptcy Courts (Bankruptcy Court Miscellaneous Fee Schedule) ("Fee Schedule"), available on the court's web site under the tab Fees, is authorized by § 1930(b). The Fee Schedule prescribes fees for, among other actions, filing an adversary proceeding complaint. The current fee as set forth on the Fee Schedule for filing an adversary proceeding complaint is $293. Thus, the fee due upon the filing of Plaintiffs' complaint is $293. None of the exceptions to the payment of that $293 filing fee apply to Plaintiffs' complaint.

Plaintiffs did not have with them and have not paid the $293 filing fee due to the court upon the filing of their complaint. The court hereby orders them to pay the $293 filing fee as set forth below. If they do not do so, the court will dismiss their complaint. *See* 11 U.S.C. § 105(a); Fed. R. Bankr. P. 7041; Fed. R. Civ. P. 41(b); *cf.* Local Bankruptcy Rule 1002-1. The court further notes that even if Plaintiffs' adversary proceeding complaint is dismissed, they will still owe the $293 filing fee to the court. As provided in the *Bankruptcy Fee Compendium III* setting forth Judicial Conference policies and guidelines regarding fees, a document that is also available on the court's website under the tab Fees, "[t]he clerk must collect the fee when the plaintiff files the complaint." *Bankruptcy Fee Compendium III, April 2012 Edition (April 1, 2012)*, Part G.1, at p.53. Moreover, Plaintiffs' failure to pay the $293 filing fee in accordance with and to obey this court order may also be treated at the court's option as a contempt of this court.

**IT IS THEREFORE ORDERED** that Plaintiffs Ronald Heintschel and Karen Heintschel must pay the Clerk a total filing fee of $293 for their complaint against Defendant/Debtor Michael D. Smith; and

**IT IS FURTHER ORDERED** that Plaintiffs must pay the Clerk the $293 filing fee **on or before January 15, 2013 at 4:00 o'clock p.m.** ; and

**IT IS FINALLY ORDERED** that the court will dismiss Plaintiffs' complaint and this adversary proceeding without further notice and opportunity for hearing if they do not pay the $293 filing fee as required by this court order, and may further at the court's option treat non-compliance with this court order as a contempt of this court. The $293 filing fee will remain a debt due and owing to this court even if this adversary proceeding is dismissed for non-payment.

###