**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: February 12 2013

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 12-34213 |
| | ) | |
| Michael D. Smith, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | Adv. Pro. No. 12-3210 |
| | ) | |
| Ronald Heintschel and Karen Heintschel, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff(s), | ) | |
| v. | ) | |
| | ) | |
| Michael D. Smith, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

**ORDER**

The court held a hearing on February 12, 2013, on Defendant's Motion for Sanctions [Doc. # 9]. Plaintiffs, who are representing themselves, Defendant, and Attorney for Defendant all appeared in person at the hearing.

Plaintiffs' complaint is based on a state court judgment entered in their favor and against Defendant by the Lucas County Ohio, Court of Common Pleas on August 31, 2009, in the amount of $72,400.00, plus interest. Defendant also filed a motion to dismiss the complaint on the basis that Plaintiffs failed to state a cause of action for excepting the judgment debt from Defendant's impending discharge. By separate order

of the court, Defendant's motion to dismiss is being granted. As a result, Defendant argues that Plaintiffs should be sanctioned because their claim and complaint is not warranted by existing law or by a nonfrivolous argument for a change in the law. The basis for Defendant's motion for sanctions is Rule 9011 of the Federal Rules of Bankruptcy Procedure.

The averments of Defendant's motion state a violation of Rule 9011(b)(2). Rule 9011(c) sets forth a specific procedure for initiating sanctions proceedings for violations of Rule 9011(b). The party seeking sanctions may initiate a sanctions proceeding by motion, as follows:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion...the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).

Fed. R. Bankr. P. 9011(c)(1)(A).

Defendant's motion for sanctions was filed on January 15, 2013. The required certificate of service attached to the motion shows that it was served on Plaintiffs by first class United States mail that same day, January 15, 2013. The court finds that Defendant did not afford Plaintiffs the 21 day safe harbor window provided by Rule 9011(c)(1)(A) to withdraw voluntarily their complaint before seeking sanctions against them in this court. The motion was served on Plaintiffs the same day it was filed with the court in violation of Rule 9011(c)(1)(A). The 21 day safe harbor provision is a mandatory procedural prerequisite, *In re M.A.S. Realty Corp.*, 326 B.R. 31, 38-39 (Bankr. D. Mass. 2005); *see Brickwood Contractors, Inc. v. Datanet Engineering, Inc*., 369 F.3d 385, 389 (4th Cir. 2004), and sanctions resulting from motions not filed in compliance with the 21 day safe harbor provision are subject to reversal, *see Ridder v. City of Springfield,* 109 F.3d 288, 296-98 (6th Cir. 1997). The express procedural predicate under Rule 9011(c)(1)(A) for a party to file a motion for sanctions with the court not having been satisfied, Defendant's motion for sanctions will be denied.

Based on the foregoing reasons and as otherwise stated by the court on the record at the hearing,

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sanctions [Doc. #9] be, and it hereby is, **DENIED.**

###