**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: February 12 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 12-34213 |
| | ) | |
| Michael D. Smith, | ) | Chapter 7 |
| | ) | |
|    Debtor(s). | ) | Adv. Pro. No. 12-3210 |
| | ) | |
| Ronald Heintschel and Karen Heintschel, | ) | Hon. Mary Ann Whipple |
| | ) | |
|    Plaintiff(s), | ) | |
|  v. | ) | |
| | ) | |
| Michael D. Smith, | ) | |
| | ) | |
|    Defendant(s). | ) | |
| | ) | |

## ORDER OF DISMISSAL

  The court held a hearing on February 12, 2013, on Defendant's Motion to Dismiss [Doc. # 8]. Plaintiffs, who are representing themselves, Defendant, and Attorney for Defendant all appeared in person at the hearing.

  Plaintiffs' complaint is based on a state court judgment in their favor and against Defendant entered by the Lucas County Ohio, Court of Common Pleas on August 31, 2009, in the amount of $72,400.00, plus interest. The final state court judgment, which is an exhibit to the their complaint in this court, shows on its face that it is based on breach of a cognovit promissory note for a business debt owed by Defendant to

Plaintiffs. Defendant argues in his motion to dismiss that Plaintiffs have failed to state a cause of action for excepting the judgment debt from Defendant's impending discharge. The court agrees.

Defendant's motion to dismiss is brought under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ferron v. Zoomego, Inc.*, 276 Fed. Appx. 473, 475 (6th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

Accepting all of the allegations in Plaintiffs' complaint as true and reading it in the light most favorable to Plaintiffs, the court finds that at most they have stated a claim for breach of contract, which is not a viable legal theory for excepting a debt from a Chapter 7 discharge. The fact that the debt has been reduced to a final judgment by the state court does not change the underlying nature of the debt as one for breach of contract. But a mere failure to pay a debt in breach of an agreement to do so, even when a judgment has been entered on the debt, does not state any basis for exception of a debt from discharge under 11 U.S.C. § 523(a), and in particular under § 523(a)(2)[fraud], (a)(4)[fraud or defalcation in a fiduciary capacity or embezzlement] or (a)(6) [willful and malicious injury]. *Bartson v. Marroquin (In re Marroquin)*, 441 B.R. 586, 593 (Bankr. N.D. Ohio 2010); *Strominger v. Giquinto (In re Giquinto)*, 388 B.R. 152, 166 (Bankr. E.D. Pa. 2008)("It is a matter of well-entrenched jurisprudence that a contractor's failure to perform as promised, standing alone, gives rise to a case for breach of contract, not actionable fraud, misrepresentation or false pretenses under § 523(a)(2)(A)."); *Stifter v. Orsine (In re Orsine),* 254 B.R. 184, 189 (Bankr. N.D. Ohio 2000)("[A] mere promise to be carried out in the future is not sufficient to bar the discharge of a debt, even though there is no excuse for the subsequent breach.").

The court inquired of Plaintiffs at the hearing whether they knew of facts that would elevate their complaint from a dischargeable breach of contract claim to a cause of action for an exception of the debt from discharge under § 523(a) in general and § 523(a)(2),(4) or (6) in particular. They indicated that they did not. As amendment of the complaint would therefore be futile, the court will grant Defendant's motion to dismiss without affording Plaintiffs an opportunity to file an amended complaint.

**THEREFORE**, for the foregoing reasons and as stated on the record by the court at the hearing, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Doc. #8] is **GRANTED** and Plaintiff's complaint and this adversary proceeding be, and it hereby is, **DISMISSED** with prejudice. Each party shall bear his or her own fees and costs.

###